## NOBLE & BRO. *vs.* WHETSTONE, SHERIFF, ET AL.

[MOTION AGAINST SHERIFF AND SECURITIES FOR HIS FAILURE TO RETURN
EXECUTION.]

1. *Failure to return execution ; what not sufficient excuse for.*—The bankruptcy of the defendant in a judgment is not a sufficient excuse for the sheriff, on a motion against him and his sureties for damages accruing in favor of the plaintiff on the sheriff's failure to return an execution issued on such judgment.

2. *Sheriff ; duty of, on receiving an execution.*—When an execution is issued on a judgment which is not a nullity, the sheriff, on recovering the execution, has no choice but to obey its mandate. He must return the writ and the execution thereof, as required by law. If he fails to do this, he incurs the liability for damages imposed by the statute for such failure.

APPEAL from Circuit Court of Autauga.

Tried before Hon JAS. Q. SMITH.

NOBLE & BRO. served notice on the appellees, the sheriff and his sureties, that at a certain day of the term they would move for judgment against them, for twenty per cent. on the amount of a certain judgment, (particularly set out therein,) on which an execution was regularly and duly issued, &c., and placed in the hands of the sheriff, &c., and which execution, commonly called a *fieri facias*, the sheriff failed to return, &c. The court overruled a general demurrer to the notice, and thereupon the defendants pleaded in short, &c., " that the defendant in the judgment on which the execution issued had been declared a bankrupt, and had been discharged as such, since the rendition of the judgment, and before the issuance of execution mentioned in the motion, from all his liabilities, including the one in judgment; and that the debt in said judgment was one from which defendant in execution might legally have been discharged by the bankruptcy and discharge of said bankrupt."

The plaintiffs in the motion demurred to the special plea, and their demurrer having been overruled, they declined to plead further, and the court rendered judgment in favor of defendant, and taxed plaintiff for the costs, &c., hence this appeal.

RICE, SEMPLE & GOLDTHWAITE, for appellants.
G. A. NORTHINGTON, and WATTS & TROY, *contra*.

[No briefs came into Reporter's hands.]

PETERS, J.—This is a motion against the sheriff of Autauga county and his securities, for the damages allowed by law on account of said sheriff's failure to return an execution which came into his hands, according to its mandate.

The law authorizing this proceeding is in the following words: "Judgment must be rendered for the plaintiff against the *sheriff*, coroner, or other officer, receiving or executing the writ. For failing to return an execution, the damages are twenty per centum on the judgment." Rev. Code, §§ 3031, 3032.

There was a demurrer to the notice of motion, and also a

demurrer to the answer to the motion; both of which were overruled by the court below. And the plaintiffs in the motion having declined to plead over, judgment was given on the demurrer to the answer to the motion in favor of the sheriff and his sureties. From this judgment on the demurrer, the plaintiffs below bring the case to this court.

The notice of motion, which is in lieu of the motion itself, sets out all the facts necessary to render the sheriff liable. This was enough.—22 Ala. 116.

The answer or plea to the motion is, that the defendant in the judgment on which the execution had been issued had been declared a bankrupt, and had been discharged as such, since the rendition of the judgment, and before the issuance of the execution mentioned in the motion.

The bankruptcy of the defendant in a judgment does not render the judgment void, or forbid the issuance of an execution upon it. An execution may be issued on such a judgment, and the validity of the bankruptcy may be contested on it.—*Pearsall v. McCartney*, 28 Ala. 110. It does not appear, then, that the execution was illegally issued, or that it was void. It was then, not a nullity. In such a case, the sheriff has no choice but to obey its mandate. He must make return of the writ and the execution thereof, according to law. This duty the law and the form of the writ impose upon him.—Rev. Code, §§ 818, 2852, 2838. The bankruptcy of the defendant in the judgment on which execution has been issued, is no excuse to the sheriff for his failure to return it. The plea was, therefore, insufficient.

The judgment of court below is reversed, and the cause is remanded.