STATE, USE OF JONES, WOODWARD & CO. VS. BORDEN ET AL.

Where a sheriff sells property, levied upon under an execution, and the purchaser refuses to pay the money bid, it is not such a sale, within the meaning of *sec.* 70, *chap.* 67, *Dig.*, as would make the sheriff responsible for the amount.

A sheriff is not responsible, as for neglect or refusal to make sale of the property levied upon under execution, where, by his return, it appears that he had not time to sell on the day appointed by law for making sales, because other sales required by law to be made on that day, consumed the whole time within which sales may lawfully be made.

An officer derives his power to levy upon and sell property from the judgment and the writ, and a sale, after the return day of the writ, would be void.

*Appeal from Pulaski Circuit Court.*

Hon. WM. H. FEILD, Circuit Judge.

CURRAN & GALLAGHER, for the plaintiff, cited *sections* 68, 69, 70, 54 *and* 55, *ch.* 67, *Dig.*, and contended that it was the duty of the sheriff to have struck off the property for cash, and required the same to be paid, and as, in this case, he saw fit to strike off the property without requiring cash to be paid down, he is liable to the plaintiff, as he thereby saw fit to assume the payment of the amount bid, and it was a satisfaction of the execution. See *Simmons vs. Bradford*, 15 *Mass.* 83; 7 *D. & C.* 370; *Lyman vs. Lyman*, 12 *Mass.* 319.

When the sheriff chose to allow the time of sale to elapse, without requiring the cash of Beebe, for his bid, and thereby deprived plaintiff of his remedy, he assumed the debt, or the amount bid, and cannot set up, as a defence, that the defendant in the execution had no title to the land.

The statute prescribes that lands be sold under execution on the 1st day, and that the execution be made returnable on the 2d day of the term: (*Dig.*, *ch.* 67, *sees.* 9, 52); and a sale made after the return of the writ would be void. 7 *Eng.* 554, 555; 4 *Sm. & Marsh.* 631.

The return of the sale of the property, was a satisfaction of the judgment; and no other execution could have been issued: it follows then that the sheriff is liable, as he ought to have received the amount of the bid either from Beebe, or have re-sold the property—the plaintiffs have no recourse against the purchaser.

PIKE & CUMMINS, for the defendants. If the sheriff had *no time* to sell on the first day of sale, after Beebe refused to pay his bid, and no power to sell afterwards, he was not bound to do any thing at all afterwards. And as the plaintiffs have chosen to allege that he *did* make the money, they must 'abide by their allegation, and cannot recover, unless he did actually make it. *Taylor et al. vs. The County of Pulaski*, 4 *Ark.* 596.

It is very clear that if a sheriff, on an execution against B, take the property which belongs to A, he is a trespasser. 2 *Pick.* 121; 1 *Mass.* 530; 17 *ib.* 244; 2 *A. K. Marsh.* 268. And the owner of the property may waive the trespass, and bring his action for the money, which the goods sold for. *Lindon vs. Hooper, Cowp.* 419. And justice and common sense would seem to teach that he could not *also* be liable to an action for the money. It is well settled, *that he may retain the proceeds in his own hands*, as an indemnity against his liability to the rightful owner, where he has sold the property. *Payne vs. Fershaw, Harper* 275; *Bruton vs. Cannon, ib.* 389; 6 *Greenl.* 28; 16 *Pick.* 556.

The plaintiffs were not precluded from any further attempt to enforce their judgment by execution. They were entitled to bring an action, in the name of the sheriff, against Beebe, for the money bid, or, if they prefered, to cause a re-sale by *vend. ex.*

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of debt, against William B. Borden and his securities, on his offical bond as sheriff.

The first breach states that, on the 26th of June, 1843, Jones and Woodward obtained judgment in the Pulaski Circuit Court against James C. Anthony for $600 debt, $66 66 damages and costs: that, on the 11th September, 1843, *fi. fa.* issued, returnable November 28th, 1843, and was levied on certain lands and returned without sale, and unsatisfied: that, on the 1st October, 1844, a *vend. ex.* issued and came to the hands of Borden, then sheriff, ordering sale of the land levied on, and for want of sufficiency of such property further to levy, and that under that writ he made the full amount of the debt, damages and costs, and had failed to pay over the money.

The 2d breach, after a like recital, avers that, at the return day, Borden, as sheriff, *certified and returned* that he had, by virtue thereof, sold property to the amount of $1026, and avers that he had not paid over the money.

The 3d breach states the same judgment, *fi. fa.* levy, and *vend. ex.*, and then sets out the return of Borden; which was, that he made further levy on two negroes, and advertised the land and the negroes for sale, and offered them for sale on the 21st April, 1845; that Roswell Beebe purchased lots 7, 8, 9, 10, 11, and 12, in Block No. 2, for $1026, which bid he refused to pay; that the matter being before the court, he so returned for its decision, that he employed all the time, between 9 A. M. and 3 P. M., and could not sell the land as mentioned and described within the hour of 3 P. M. having arrived before he reached them on his sale book, and that F. W. Trapnall bought the negroes for $40, which was applied on certain specified older executions: that there was no other property, and so the writ returned unsatisfied, and so the plaintiff proceeded to aver that, by this return, the judgment was satisfied, Jones and Woodward deprived of the right to further execution, and the debt, &c., lost to them.

The 4th breach is the same, only averring hindrance and delay by reason of such return.

Issues were taken upon the 1st and 2d breaches, which we will consider after we have settled the law arising upon the demurrer to the 3d and 4th breaches, which was sustained.

The special causes of demurrer were; 1st. That neither breach shows any cause of action; 2d. That each shows that Borden had no power to execute the writ; 3d. That neither of the breaches contains any allegation that the return is untrue; and, if true, then there is no cause of action.

The first and third grounds raise the same question, and indeed the main question in the whole case: and the determination of the sufficiency of the 3d breach will be conclusive of that arising upon the fourth.

The truth of the facts returned by the sheriff is not controverted, and the question is, does the return excuse the sheriff for not having the money bid for the property before the court?

The plaintiffs rely upon the following provisions of the statute, as fixing the liability of the sheriff. By the statute, *Dig.*, *Ch.* 67, *page 506*, it is enacted: "If any officer to whom any execution shall be delivered, shall neglect or refuse to execute or levy the same according to law, or shall take in execution any property, or if any property shall be delivered to him by any person against whom an execution may have been issued, and such officer shall neglect or refuse to make sale of the property so delivered, according to law, &c.; in any such event, such officer shall be liable and bound to pay the whole amount of money in such execution specified, or thereon endorsed and directed to be levied."

*Sec.* 69 provides, that "If such officer shall not, on the return of any execution, or at the time the same ought to be returned, have the money which he may have become liable to pay as aforesaid, and pay the same over according to the command of the writ, any person aggrieved thereby, may have his action against the officer, and his securities upon his bond, &c."

*Sec.* 70 provides, "If any officer sell any property under any execution, whether he receive payment therefor or not, or shall receive the money in any execution specified or thereon endorsed and directed to be levied, or any part thereof, and shall not have the amount of such sale, or the money so made before the court, and pay over the same according to law, he shall be liable to pay the whole amount, &c."

The questions presented are, was there a sale of the property by Borden to Beebe; if so, then no matter whether he received the money bid or not, he was clearly liable to pay it over under the provisions of the 70th section: or if after the levy he refused or neglected to sell the property levied upon, then he would be liable under the 67th section.

First, then, was the property sold? That it was offered and struck off to Beebe is admitted; but as he refused to pay his bid, was it a sale of the property? If so, then, the purchaser would acquire property which he had never paid for, the sheriff would become the guarantor for the payment of the money, and would be left to his recourse against the purchaser to make it out of him, if he could? Such never was intended by law to be his liability, nor is such the effect of a bid unpaid, as is manifest from the 53d section, which declars that, "if any person shall refuse to pay the amount bid for any property struck off to him, the officer making the sale, may again sell such property to the highest bidder, and, if any loss shall be occasioned thereby, the officer may recover such loss by action against the first bidder, &c." Under this section, the first bidder, by failing to pay the sum bid, forfeits it, and acquires no interest whatever in the property, as held by this court, in the cases of *Newton vs. State Bank*, 14 *Ark.* 15, and *The State vs. Lawson, sheriff*, 14 *Ark.* 118.

There was, then, no sale of property in this case, and the next question is, did the sheriff neglect or refuse to sell the property levied upon?

This is a matter of fact, to be determined by the return itself, under the issue formed; because, if untrue, the sheriff's liability

would have arisen upon a count for a false return, in which case, the truth of the facts stated in the return would have been put in issue; but, in the case before us, the only question is, taking the return as true, is the sheriff guilty of neglect for not selling the property? He states that he had not time to sell on the day appointed by law for making sales, because, after once offering it for sale, other sales, required by law to be made on that day, consumed the whole time within which sales may lawfully be made; and this return we have held to be sufficient to execuse the sheriff from neglect in not re-selling the property, after the first bidder had failed to pay his bid. *Newton vs. State Bank,* 14 *Ark.* 15. It is not to be expected of a sheriff, who has a number of sales to make within a few hours, that he shall stop selling, after an item of property is sold, until the money is paid for it, and if not, to set it up again for sale; but his duty must be performed with due regard to all the interest committed to his care on that day, and if he really had not time to re-sell the property, no one should be allowed to hold him chargable with *neglect* of official duty.

The next question is, when then should he have sold the property so levied upon? In *Newton vs. The Bank,* we held a sale under the same writ, made on the second day of the term of the court to which the writ was made returnable, even though erroneous and perhaps reversible upon error for that reason, not to be void, and that a sale on that day, the writ still being in force, would communicate title in the property to the purchaser. But we did not decide, in that case, that the sheriff was bound to sell on that day. And, after that time, his power to sell under the writ, ceased. An officer derives his power to levy, and sell property (particularly real estate) from the judgment and the writ, not from the statute; *Whiting & Slark vs. Beebe,* 7 *Eng.* 554; and although there are some authorities, which would seem to sanction a sale of personal property, which had previously been levied upon, after the return of the writ, without a *ven. ex.,* the better rule seems to be to require the officer to act under

authority of a writ, both in making the levy and the sale. *Whiting & Slark vs. Beebe.* The effect of the return made by Borden, on the writ in this case, was to leave a subsisting levy to be disposed of by sale upon further process for that purpose, and, with his return thus made, his liability, under that process, ceased; and if the plaintiffs had desired to pursue their remedy upon the judgment to final satisfaction, they could only do so by an alias writ to sell the property levied upon. The subsequent sale of the real estate, made by Borden, without a writ, was no disposition of the property. His acts, without process, were void, and in no wise tended to satisfy the judgment.

If, upon a re-sale of the property, it should sell for less than it was bid off at, in the first instance, the statute provides a remedy against the first bidder for the deficit. This remedy is a just punishment upon an intermeddling bidder, who declines to make good his bid, and is at the same time important to both the debtor and the creditor: but this redress, such as it is, is given against the bidder alone. If the money is not made out of his estate, there is no responsibility resting upon the sheriff to pay it; nor is he bound to advance it, in the first instance. The recovery, in fact, is one by the debtor and creditor, for although, under the statute, the suit is brought in the name of the sheriff, he is evidently but a nominal party, and it is even doubtful whether he is responsible for costs: but of this, we are not, at present, to consider.

From the view thus taken of the legal liability of the sheriff, it follows, that the demurrer to the 3d and 4th breaches, was properly sustained; and, if sustained upon the ground that the return which was set out in the breach, was not sufficient to charge the sheriff, it follows, that it was a good defence to the 1st and 2d breaches; and, consequently, the 2d plea of defendant to these breaches, was properly held to be good.

The remaining question of law is that arising upon the demurrer to the plea averring that the property, levied upon and sold by the sheriff, did not belong to Anthony, the defendant in execution.

78BB

This question would have been properly before us for consideration, if, in fact, a sale of the property had been made; but, as we have held, that a sale without a writ was void, it follows that no title whatever passed; and it becomes unnecessary to determine to whom the property belonged, or whether, if sold, the sheriff might withhold, from the plaintiff, the money for which the property sold, upon the ground that the property in fact belonged to a third person.

It may not be amiss, however, to remark that there are strong reasons for sustaining the plea. If personal property, the sheriff would be liable to an action of trespass for taking it; and should a recovery be had against him by the owner of the property, if remaining unsold, the property would become his, because the payment of the damages would be all that the owner could recover. Suppose this to have taken place after levy, and before a sale of the property, it could hardly be said that the sheriff, because, by mistake he had levied upon the property, should be compelled to follow up his levy and sell property which he had paid for out of his own pocket, and which was in law his, and apply the money to the satisfaction of the execution; and if not before sale, after the sale, as he is still liable ever to the true owner of the property, it would seem but just that he should be permitted to show the fact that the property was not the defendant's, in order that he might retain the money as an indemnity against loss, if sued for the property, or for the money for which it was sold, either of which might be done. *Ineden vs. Hooper, Cowp.* 419; *Walcott vs. Pomeroy, 2 Pick.* 121; *Owing vs. Friar, 2 A. K. Marsh.* 268.

But, as this question is not properly presented upon the record, after the disposition made of the other questions of law, we will express no definite opinion upon it.

The only important question involved was as to the liability of the sheriff upon his return, which, under the issue formed, must be taken as true, and that we have already decided. Let the judgment be affirmed.