## THE G. F. HARVEY COMPANY *v.* HUDDLESTON.

### Opinion delivered October 30, 1916.

1. EXECUTIONS—FAILURE TO LEVY—LIABILITY OF CONSTABLE.—Kirby's Digest, § 3286, penalizing a constable for failure to levy an execution, is highly penal, and the party seeking to enforce the penalty, must bring himself within both the letter and the spirit of the statute.

2. EXECUTIONS—FAILURE TO LEVY—DEFENSE OF CONSTABLE.—An officer can defend against a violation of the provisions of § 3286 of Kirby's Digest, when sued by the plaintiff in execution, by showing that his omission to perform the duty was due to the conduct or instructions of the plaintiff or of his attorney of record.

3. EXECUTIONS—CONTROL BY PLAINTIFF.—The plaintiff, having obtained a judgment, controls his own execution, and he cannot first disarm the officer, and then hold him liable for not executing the writ in accordance with the statute.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*W. T. Kidd,* for appellant.

The court erred in not giving a peremptory instruction in favor of the appellant. The constable's failure to make a return on the execution rendered him and his bondsmen liable for the amount of money specified in such execution. Kirby's Digest, Sec. 3286.

Conduct of the plaintiff which falls short of showing that the non-return of the execution resulted from his acts and instructions, is not sufficient to excuse the

officer.  47 Ark. 373-8; 22 Ark. 524.  Failure to make the return within the time required by the statute is a palpable dereliction,. and there is no escape from the plain mandate of the law. 118 Ark. 271.  An agreement by plaintiff that the sale of property levied on, be postponed, does not excuse the officer for failure to make a return.  35 Cyc. 1725; 95 Tenn. 424.

Instruction number one given by the court was misleading—there being two issues involved.  112 S. W. 956.

*W. S. Coblentz*, for appellee.

There was sufficient evidence to justify the submission of the case to the jury.  87 Ark. 614.

The execution is the property of the judgment creditor and is at all times subject to his control.  He in person, or by his attorney or agent, may direct the officer, not to levy, stop the sale or not to make return of the execution.  74 Ark. 416; 97 Ark. 149.

The evidence justified submitting to the jury the issue whether the language and action of the attorney for the judgment creditor was such as to lead the officer to infer that it made no difference whether the execution was returned or not.  87 Ark. 625; 89 Ark. 111; 74 Ark. 16; 70 Ark. 136; 51 Ark. 467; 67 Ark. 47; 74 Ark. 478.

Instruction numbered one correctly stated the law, the issues not being in conflict.

A general objection will not reach an error in the form of an instruction, and can only be reached by a specific objection setting out the things complained. of.  76 Ark. 348.  Objections to instructions, going to their form rather than substance should be specially made below in order to be reviewable.  146 S. W. (Tex.) 624.  Where instructions are conflicting, the party aggrieved thereby should call the court's attention specifically, general objections being insufficient.  101 Ark. 376.

HART, J.  The G. F. Harvey Co. sued N. N. Huddleston, as constable, and the sureties on his bond, for

his neglect or refusal to execute or levy an execution, and also for failing to make a return on said execution on or before the return day therein specified. The constable and his sureties answered admitting that the execution came into the constable's hands, and the failure to levy or make a return, and as a defense to the action claim that the failure to levy and the non-return of the execution resulted from the act or instructions of the plaintiff's attorney. The material facts are as follows:

The plaintiff, the G. F. Harvey Company, is a corporation organized and doing business under the laws of the State of New York. It recovered a judgment against J. R. Neel in Pike County, Arkansas, and had execution issued thereon. The execution was placed in the hands of N. N. Huddleston, a constable in said county, by the attorney of the plaintiff.

Huddleston testified that the plaintiff's attorney told him to levy on some pool tables; that he went over to make the levy and Neel told him not to levy on them; that there was a prior lien on them. That Neel asked him to wait a few days until he could sell the pool tables and that he told him he could not do that; that he told Neel to see the plaintiff's attorney and that if it was all right with him he would wait; that Neel went off to look for plaintiff's attorney; that he then met plaintiff's attorney and was told by him that it was all right to hold up the execution; that plaintiff's attorney never gave him any further instructions after he told him to hold up and not make the levy.

Before the trial Neel had left the State and it was admitted that if Neel were present he would swear that plaintiff's attorney told him that the constable was instructed to levy on the pool tables; that there was a lien on the pool tables and that they were not subject to execution; that such information was communicated to the attorney for the plaintiff, who then told the constable to hold up on the execution. On the other hand the attorney for the plaintiff denies that he told the constable to hold up on the execution,

but says that he instructed him to make the levy and never gave him any further instructions about the execution. He also denies that he even talked with the defendant, Neel, after the execution was placed in the hands of the constable. There was a verdict and judgment for the defendant and the plaintiff has appealed.

(1-3) It is first insisted by counsel for the plaintiff that the court erred in refusing to direct a verdict for the plaintiff. The action is a summary proceeding under section 3286 of Kirby's Digest, which provides that an officer neglecting to levy an execution or failing to return it on or before the return day therein specified, shall be liable for the whole amount of the money in the execution specified. The statute is highly penal, and the party seeking to enforce it must bring himself within both the letter and spirit of the statute. *Craig v. Smith*, 74 Ark. 364. The rule is settled in this state that the officer can defend against a failure of duty under this statute, when sued by the plaintiff in execution, by showing that his omission to perform the duty was due to the conduct or instructions of the plaintiff or his attorney of record. *Brickham v. Kosminsky*, 74 Ark. 413, and cases cited. This is in application of the principle that the plaintiff controls his own execution and he cannot first disarm the officer and then hold him liable for not executing the writ in accordance with the statute. In short, it is well settled that where the failure to levy or to make the return is due to the conduct or instructions of the plaintiff or his attorney, the officer is not liable under the statute. Under the facts of this case the question of whether the constable failed to make the levy or to make a return on the execution was due to the instructions of the plaintiff's attorney, was a jury question and it was submitted to the jury under instructions concerning the correctness of which no complaint is made.

The only objection urged by counsel for the plaintiff to the instruction is that instruction number 1 was misleading because the failure to levy and the failure

to make a return on the execution were both submitted to the jury under this instruction. Counsel contends that they were separate issues and should have been submitted to the jury under separate instructions. We do not think, however, this objection is tenable. It is true both issues were submitted to the jury under an instruction numbered 1, but the two issues were submitted under separate paragraphs which were as distinct as if they were separate instructions. The two issues were submitted to the jury separately and the jury could not have been confused in regard to the issue.

The judgment will therefore be affirmed.