J. B. PEARSON FLOUR & FEED CO. *v.* PITTMAN.

4-4355

Opinion delivered July 6, 1936.

T. H. *Humphreys, Jr.,* and *Geo. A. McConnell,* for appellant.

L. L. *Mitchell* and *Ned A. Stewart,* for appellees.

BUTLER, J. This is an appeal from a judgment of the circuit court of Nevada county denying the motion of appellant for judgment against Arlice E. Pittman, sheriff, and Maryland Casualty Company, the surety on his official bond, for failure to return an execution within sixty day issued out of said court on January 21, 1935, on a judgment appellant obtained against E. L. Cox, J. R. Cox, J. W. Bostick and L. E. Atkins on January 7, 1935,

in the sum of $873.57, interest and costs. In the motion, judgment was prayed against appellees for the amount of the judgment aforesaid, with interest at 6 per cent. per annum, costs of $15.25, and 10 per cent. penalty on the amount of said judgment for failure to return said execution within sixty days from the date thereof.

The facts disclosed by the record are as follows:

On June 13, 1933, appellant sold to E. L. Cox, who resided at Prescott, a large amount of merchandise and received therefor checks drawn by him on the bank of Prescott. E. L. Cox represented that the checks would be honored by the bank when presented for payment. The checks were presented in due course, and payment was refused by the bank. Thereupon, appellant demanded a return of the merchandise, but E. L. Cox refused to return it. Appellant brought suit against E. L. Cox in specific attachment, and the merchandise was seized under the writ. The merchandise was released to E. L. Cox, who gave the sheriff a bond, signed by himself and three sureties, to perform the judgment of the court in the action. On January 7, 1935, the case was tried on the pleadings and evidence introduced by the plaintiff, the defendant failing to appear, and upon which pleadings and evidence, the court sustained the attachment and rendered judgment in favor of appellant for $873.57 and interest against E. L. Cox and his bondsmen, J. R. Cox, L. E. Atkins and J. W. Bostick and directed that execution issue upon the judgment. The execution was issued against E. L. Cox, L. E. Atkins, J. R. Cox and J. W. Bostick on the 21st day of January, 1935, commanding him to collect the judgment in the sum of $873.57, interest in the sum of $2.03 and costs, and to make due return of the writ within sixty days from the date thereof. The execution was delivered to and accepted by the sheriff on the day of its issuance. At the same term of court, the judgment against two of the bondsmen, J. R. Cox and J. W. Bostick, was set aside on the ground that their names had been forged to the dissolving bond. On the 31st day of May, 1935, the sheriff, Arlice E. Pittman, returned the execution with the following indorsement thereon:

"This execution came to my hands on January 21, 1935, and is being returned unsatisfied on account of this judgment being set aside as to J. R. Cox and J. W. Bostick and not finding sufficient property in the hands of E. L. Cox and L. E. Atkins subject to execution."

Appellant contends the trial court erred in refusing to render judgment in its favor for the amount of the judgment with interest, costs, and 10 per cent. penalty. The fact is undisputed that the sheriff failed to return the execution within the 60 days from its date. He received it on January 21, 1935, and did not return it until May 31, 1935. His only excuse for not doing so, according to the record, was because the judgment had been set aside against J. R. Cox and J. W. Bostick after he received the execution, on the ground that their names had been forged to the dissolving bond. Section 4353 of Crawford & Moses' Digest provides that: "All executions shall be returnable within sixty days from their date." Section 6256 of Crawford & Moses' Digest provides that for failure to return an execution as required by law, the sheriff shall be liable for the amount of the judgment on which it was issued, including all costs and 10 per cent. thereof. These statutes are mandatory. The cases of *Smith* v. *Drake,* 174 Ark. 715, 297 S. W. 817, and *Ghent* v. *State, use School Districts,* 189 Ark. 747, 75 S. W. (2d) 67, and the general rule announced in §§ 142 and 232, 57 C. J., at pp. 781 and 313, respectively, support the contention of appellant. The fact that during the time the sheriff held the execution the judgment was set aside as to two of the bondsmen did not excuse him from making the return within the proper time. This suggestion on the part of appellees is without merit.

On account of the error indicated, the judgment is reversed, and judgment is directed to be entered here against appellees for $873.57, with interest at the rate of 6 per cent. per annum from January 7, 1935, the date of the original judgment, 10 per cent. of said judgment as a penalty, and $15.25 costs, together with all costs accrued on account of this appeal.