J. Clary ATKINSON et al v. Henry B. MEANS, Judge

5-5805                                    477 S.W. 2d 178

Opinion delivered March 6, 1972

*Howard, Howard & Howard,* for petitioners.

*Glover & Glover,* for respondent.

George Rose Smith, Justice. This is a petition for a writ of prohibition, by which the sheriff of Dallas county and the surety upon his official bond seek to prohibit the circuit court of Hot Spring county from hearing a motion for judgment against the petitioners. The question, which is one of venue, has already been decided adversely to the petitioners.

The facts are simple. In 1968 Southern Credit Corporation obtained a judgment against Bobby Erwin and others in the circuit court of Hot Spring county. A writ of execution was issued upon the judgment and sent to the petitioner as sheriff of Dallas county, where Erwin is said to reside. Later on Southern Credit, alleging that the sheriff had failed to levy the execution upon Erwin's property, filed a motion for summary judgment in the Hot Spring circuit court. Sheriff Atkinson appeared specially in that proceeding and contested the court's jurisdiction, asserting that the suit should have been brought against him in Dallas county. Upon the trial court's holding that it had jurisdiction to proceed, the present petition was filed.

Each side cites authority for its position, but there is actually no conflict in our cases. The petitioners rely

upon Ark. Stat. Ann. § 30-1001 (Repl. 1962), which provides one remedy against a sheriff who fails to serve a writ of execution directed to him. We have held that an action under that statute is an independent plenary suit which must be brought in the county where the cause of action arose. *Bledsoe* v. *Pierce-Williams Co.*, 147 Ark. 51, 226 S. W. 532 (1921).

There is, however, another statute which provides a summary remedy in the court which entered the original judgment and issued the writ of execution. Ark. Stat. Ann. §§ 29-207 and -208. That statute provides for a three-day notice to the sheriff or other officer, who can resist the motion for judgment and demand a jury trial. In a situation identical to the one now before us, we sustained the trial court's jurisdiction over the sheriff of another county, upon this reasoning:

> "This judgment was in the court in Perry County, and, unless the judgment creditor can file his motion in Perry County, where the judgment is, he would be deprived of the remedy given him by statute. We therefore hold that the court in Perry County had jurisdiction, and that it is the only court where a motion for a summary judgment against these defendants could be filed. There is no judgment in any other court." *Perry County* v. *Gatlin,* 186 Ark. 116, 52 S. W. 2d 626 (1932).

In that opinion we also distinguished cases such as those now relied upon by petitioners, pointing out that such suits were independent actions that had to be brought in the county where the cause of action arose. It is evident that in a two-county situation such as that now presented, one party or the other must be subjected to the inconvenience of having to litigate in a county other than that of his residence. We adhere to our holding in the *Perry County* case, *supra,* which governs this one.

Writ denied.