## 555, INC. and ATLO DISTRIBUTING COMPANY *v.* Leon BARLOW

CA 81-119                                          623 S.W. 2d 843

Court of Appeals of Arkansas
Opinion delivered November 4, 1981
[Rehearing denied December 9, 1981.]

140

*Hobbs, Longinotti & Bosson, P.A.*, for appellants.

*Patten, Brown & Leslie*, by: *Charles R. White*, for appellee.

DONALD L. CORBIN, Judge. Appellants, 555 Inc. and Atlo Distributing Co., each obtained judgments against Jim Jines, d/b/a House of Parts. On April 28, 1978, the appellants had an execution issued by the Circuit Clerk of Garland County directed to Leon Barlow, appellee herein, who was then Sheriff of Garland County. On May 2, 1978, the execution was returned and filed with the Circuit Clerk. The return set forth that the appellee had levied upon certain motor vehicles. Appellee subsequently released the property to the judgment debtor. The execution docket sheet in the appellee's office showed a notation made by his bookkeeper dated September 21, 1978, as follows, "attorney advised Jines making payments."

The fact that Jines had made some payments to the appellants is undisputed. The first payment was made on August 10, 1978. The judgment in favor of 555, Inc. was paid in full. The judgment in favor of Atlo Distributing Co. was reduced to $6,823.04.

This action was filed against appellee asking for judgment in the amount of the unpaid balance due from Jim Jines to Atlo. Appellants alleged that appellee had not carried out his required duties as sheriff to take possession of Jines' property, conduct a sale, and deliver the proceeds of the sale to appellants within 60 days from the date of the issuance of the execution.

Appellants moved for summary judgment which was denied by the trial court. The case was then submitted to the court, sitting as a jury. The court entered judgment in favor of appellee and dismissed appellant's complaint. We affirm.

The court, in its memorandum opinion, stated as follows:

A page from the Sheriff's Execution Record relating to CIV 77-360 was made an exhibit to a pleading in this case by the plaintiffs and reflects (1) the levy on Mr. Jines' vehicles and (2) a motion "attorney advised Jines is making payments. 9-21-78. M. Moss". By letter dated August 7, 1980, plaintiffs' attorney acknowledges that Jines made five payments to him and two payments to Atlo on dates after said Execution was served and returned by the Sheriff. The testimony of Marsha Moss in her deposition leaves only one conclusion, that is to say, that plaintiffs were willing to accept payments on the judgment against Jines and released the Execution lien against his vehicles.

The Court, therefore, finds that the Sheriff had complied with requirements of Section 30-106 and Section 30-431. To say the least, the plaintiffs and their attorney had substantially contributed to any omission by the Sheriff and had caused the power of the Execution to be exhausted by accepting payments on the judgment and staying its effect.

From the judgment in favor of appellee, appellants bring this appeal and raise three points for reversal.

The standard of review on appeal is that findings of fact

shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence). Arkansas Rules of Civil Procedure, Rule 52. *Commercial Union Insurance Co. v. Sanders,* 272 Ark. 25, 611 S.W. 2d 754 (1981); *Taylor v. Richardson,* 266 Ark. 447, 585 S.W. 2d 934 (1979).

I.

THE COURT ERRED IN HOLDING THAT THE TESTIMONY OF WITNESS MARSHA MOSS CONCLUSIVELY SHOWED APPELLANTS RE-LEASED THE EXECUTION LIEN OF THE SHER-IFF ON THE PERSONAL PROPERTY OF JIM JONES.

Marsha Moss was employed as the execution clerk in former Sheriff Barlow's office. Her testimony, taken in a deposition, was submitted to the trial court. Appellants' argument is that nowhere in this deposition does Marsha Moss state that she was advised by appellants or their counsel that payments were being made by Mr. Jines or that the sale should not take place. Appellants contend that the only conclusion that can be reached from the testimony of Ms. Moss is that she was in contact with the judgment debtor and his attorney and that the notation on the execution docket sheet arose from those conversations. We disagree.

Ms. Moss did not remember the exact conversation that caused the notation on the execution docket sheet. However, she testified regarding the procedures she followed in handling execution judgments. Ms. Moss stated unequivocally that, according to her established procedures, she would not have made the notation unless she had spoken with the judgment creditors' attorney. The trial court's finding on this issue is not clearly erroneous (clearly against the preponderance of the evidence). Rule 52, ARCP.

II.

THE COURT ERRED IN FINDING THAT THE APPELLEE HAD COMPLIED WITH THE RE-QUIREMENTS OF SECTION 30-106 AND SECTION

30-431 OF THE STATUTES OF ARKANSAS 1947, ANNOTATED.

Ark. Stat. Ann. § 30-106 reads as follows:

The form of an execution may be in substance as follows:

The State of Arkansas.

To the Sheriff of . . . . . . . . . . County, Greeting:
     You are commanded that of the estate of A. B., you cause to be made the sum of . . . . . . . dollars, which C. D., late in our court, recovered against him for debt, with interest thereon from the . . . day of . . . . , 18 [19] . . . , until paid; also the sum of . . . . . . . dollars, which was adjudged to the said C. D. for his costs in that suit expended; and that you have said sums of money within sixty [60] days to render to the said C. D., his debt, interest and costs aforesaid.
     In witness, etc.

Ark. Stat. Ann. § 30-431 reads as follows:

All executions shall be returnable in sixty [60] days from their date.

Appellants contend that a sheriff must levy upon property, post a notice of sale, sell the property, make his return and deliver the money, all within 60 days. Appellant argued that they should have a judgment against the sheriff for failing to acquire sums of money on the execution which, by due diligence, could have been acquired.

Appellants, relying on *State, Use of Jones, Woodward & Co.* v. *Borden*, 15 Ark. 611, argue that appellee was required to sell the property within 60 days. That case is distinguishable from the case at bar by noting that the *Borden* case deals with real property. The Court in *Hightower* v. *Handlin & Venneys*, 27 Ark. 20, held that personal property may be sold after the return day, but real property cannot be sold after the return day. The reason given for the holding was that a

seizure of personal property vests a special property in the sheriff who may take possession of it for the purpose of execution, and complete the sale after the return day; whereas a levy on land gives no right of property or possession but only the right to enter for the purpose of sale.

In *Smith* v. *Drake*, 174 Ark. 715, 297 S.W. 817 (1927) the Court set forth the requirements for a return under Section 4353 of Crawford and Moses' Digest which is identical to Ark. Stat. Ann. § 30-431. That case stated:

> A return on a writ of execution is the short official statement of the officer, indorsed thereon or attached thereto, of what he has done in obedience to the mandate of the writ, or of the reason why he had done nothing. It consists of the two acts of writing out the statement on the writ or on an attached paper, and the filing. The mere writing out of the statement is not sufficient without filing it, and, *vice versa,* the mere filing of the writ with no statement is not a return. 23 C.J. 791.

It is undisputed that appellee filed his return with the clerk within the 60 day period, together with his notation that he had levied upon certain motor vehicles.

The trial court's holding under this point was not clearly erroneous.

### III.

**THE COURT ERRED IN HOLDING THAT THE APPELLANTS WERE NOT ENTITLED TO RE-COVER JUDGMENT UNDER SECTION 29-208 OF THE STATUTES OF ARKANSAS OF 1947, ANNOTATED.**

The rule is settled in this state that the officer can defend against a failure of duty under the statute, when sued by the plaintiff in execution, by showing that his omission to perform the duty was due to the conduct or instructions of the plaintiff or his attorney of record. *Bickham* v. *Kromin-*

*sky,* 74 Ark. 413, 86 S.W. 292; *G. F. Harvey Co.* v. *Huddleston,* 125 Ark. 522, 189 S.W. 181 (1916).

In the case of *Southern Credit Corporation* v. *Atkinson,* 255 Ark. 615, 502 S.W. 2d 497 (1973) the Arkansas Supreme Court pointed out that those who propose to invoke against officers the severe penalties of the statute must be careful to do nothing which directly or indirectly contributes to the omission of duty complained of. The Court in *Southern Credit Corp.* v. *Atkinson, supra,* cited *Hamilton* v. *Pan-American Southern Corp.,* 238 Ark. 38, 378 S.W. 2d 652 (1964) where it was said, "In dealing with a statute of this kind it is well established by our decisions that it must be strictly construed in favor of those upon whom the burden is sought to be imposed."

The trial court, as previously stated, found that the appellants and their attorney had substantially contributed to any omission by appellee and had caused the power of execution to be exhausted by accepting payments on the judgment. The findings by the trial court are not clearly erroneous. Rule 52, Arkansas Rules of Civil Procedure.

Affirmed.