JUDGE PETERS
delivered the opinion oe the court.
The two main questions presented in this record are,
First. Did the court err in the instructions given at the instance of appellees?
Second. Was illegal and incompetent evidence permitted to go to the jury ?
The first instruction was erroneous. It seems to make the sheriff’s whole responsibility depend upon whether the defendants had property sufficient to pay the whole debt when he had the executions in his hands, and excludes from consideration the fact w'hether they had property enough to pay part of it at that time; and under that instruction, even if the jury should have believed that the defendants, when the executions, or any of them, were in the sheriff’s hands, had estate sufficient to satisfy three fourths, or any part of #the debt less than the whole, they must find for defendants, which is palpably erroneous.
As to the second instruction, as a proposition of law, it is true that executions being in full force which are first placed in the hands of the sheriff have priority over those against the same defendant or defendants subsequently delivered to him; but if there are more defendants in the prior executions than are in those subsequently delivered, it would be the duty of the sheriff to make all the debts by collecting from the defendants who were not in some of the executions, if he could do so.
The third instruction is rather an abstraction, without sufficient evidence to base it upon. The letter of Barrett is the only foundation for it, discovered in the record. That letter is dated March 22d, 1863, and necessarily referred to the execution of appellant then in the hands of the sheriff, bearing date the 3d of February, 1863, returnable to April rules of that year. The discretion granted *66 to the sheriff by that letter related to the execution then in his hands, and cannot, by any rational construction, be understood to confer any discretion on the sheriff as to executions issued after the return day of the one then in the sheriff’s hands, even if it had been shown that Barrett was appellant’s attorney, and had authority to give the directions.
A sheriff is not responsible for failing to return an execution to the proper office if he acts in obedience to the orders of the plaintiff; but it is incumbent on him to make out his defense by evidence; hence, the fourth instruction would not be objectionable, if there had been sufficient evidence to authorize it.
The fifth instruction, to say the least of it, was misleading. It is the duty of the sheriff, when he levies an execution, to state the/acts on the writ, and sign it; that is necessary as evidence of what he has done, and may be used against him; that may be the chief reason why he is required thus to proceed; but if a sheriff levies an execution on property of the defendant, and afterwards permits him to remove or dispose of it in such a way as to deprive the plaintiff of his debt, it would be strange indeed if the plaintiff could not make the sheriff and his sureties responsible for so gross a violation of his duty by proof aliunde, because he had failed to do his duty by indorsing the levy and signing it. Such cannot be the law.
By proving that Barrett was the attorney of appellant, his letter would be evidence for appellee as an excuse for failing to return the execution, dated February, 1863, and should be restricted by the proper instruction of the court to the transactions under that execution.
As to the proof of what R. W. McWhorter said to the sheriff at the time the receipts for the four hundred dol *67 lars and six hundred dollars were executed, that was a part of the res gestee, and was competent.
But for the errors enumerated the judgment must be reversed, with directions to award appellant a new trial, and for further proceedings consistent herewith.