HERR & Co., vs. ATKINSON, ET AL.

40 377
58 597

SHERIFFS : *Failing to return execution. Fees. Liability.*

If a sheriff accepts an execution and makes no demand of his fees for executing it, nor returns it to the Clerk for want of his fees, and afterward fails to return it as required by law, he is liable to the plaintiff for such failure to return, for the amount of the judgment and cost, and ten per cent. thereon.

APPEAL from *Boone* Circuit Court.
Hon. J. H. BERRY Circuit Judge.

*J. Frank Wilson* for Appellants.

This is a summary action under *Sec.* 3651, *Gantt's Dig.* This section has been strictly construed in *Norris v. State,* 22 *Ark.,* 524. For rulings of other States on similar statutes see *Milburn v. State,* 11 *Mo.; Noble v. Whetstone,* 45 *Ala., Freeman on Ex., sec.* 368, and authorities there cited.

*Gantt's Dig., sec.* 2852, provides that no sheriff shall be compelled to *execute* process, unless fees be paid or tendered, &c. But this utterly fails to include *failure to return* when they fail to execute, &c.

ENGLISH, C. J. This was a summary proceeding, under the statute, by Charles H. Herr & Co., against John D. Atkinson, sheriff of Boone county, and the sureties on his official bond, for failing to return an execution.

Plaintiffs alleged, in substance, that they recovered a judgment in the Circuit Court of Boone county against Carroll Brothers for $722.83, and on the 20th May, 1881, caused the

Clerk of the Court to issue an execution thereon, in the name of the State, directed to the Sheriff of Boone county, commanding him to cause to be made of the estates of defendants therein, said sum of $722.83, and that he have said sum of money within sixty days to render unto said plaintiffs with costs, &c. That on said day of its issuance, plaintiffs caused said execution to be placed in the hands of defendant Atkinson, as sheriff of said county, who accepted the same, to cause said money to be made as therein commanded.

That said sheriff, after having received said execution held the same in his hands, and not having executed the same upon the estates of said Carrolls, failed to make return thereof to the Clerk of said Court, or the office of said Clerk, as commanded and required by law.

That plaintiffs were non-residents of the State when the execution was sued out, but had, on the commencement of the suit against the Carrolls, executed a good and sufficient bond for costs, with solvent sureties thereon, which had been approved by the Clerk, &c.

That the other defendants were sureties on the official bond of the sheriff; and the failure of the sheriff to return the execution was assigned as a breach of the condition of the bond, &c.

Prayer for judgment for the amount of the judgment on which the execution issued, with ten per cent. thereon, &c.

Defendant being notified, appeared and answered:

"1st. That defendant Atkinson endorsed his return of said execution, but did not return and file the same with the Clerk of the Circuit Court within the time prescribed by law, and

2d. That plaintiffs did not pay to said defendant Atkinson his fees for returning said execution, or tender the same to make said return, or to levy the same."

Heer & Co., v. Atkinson, et al.

To which answer plaintiffs demurred, and the Court over-ruled the demurrer, and they excepted.

The cause was then, by consent of the parties, submitted to the Court upon the following agreed statement of facts:

"1. That Sheriff Atkinson endorsed his written return on said execution, but failed to file it in the office of the Clerk who issued it, as alleged.

"2. That plaintiffs failed to pay to defendant Atkinson his fees to return said execution, or tender the same, nor did defendant demand the same.

"3. That plaintiffs filed a cost bond in their original cause, duly approved, with solvent sureties thereon, at the beginning of said suit, which was on file at the time of the issuance of said execution, and when it was received by defendant Atkinson."

Whereupon the Court declared the law to be: "That said execution not being returned by said sheriff to the Clerk who issued the same, with a statement thereon in writing of his acts in the premises, it was not a return within the meaning of the law.

"That before plaintiffs could recover in this action against defendants for failing to return the said execution, they would have to either pay the lawful fees therefor or tender the same."

The Court found the law and the facts to be in favor of defendants, and rendered judgment discharging them.

Plaintiffs excepted to the rulings of the Court, filed a motion for a new trial, which was overruled, took a bill of exceptions and appealed.

The statute provides that judgment shall be rendered summarily against a sheriff and his sureties, for failure of the sheriff to return an execution, for the amount of the judgment on which the execution issued, including all the costs, and ten per centum thereon. *Gantt's Dig., ch.* 80, *sec.* 3651.

SHERIFF: Failure to return execution. Liability.

Executions are returnable in sixty days from their date, and the sheriff is required to endorse thereon the time an execution came to his hands, any levy and sale made, or if no property is found, to state that fact, &c.   In short, he must endorse what he has done under the execution, and return it as commanded.   *Ib.*, Title, EXECUTION.   He is not only liable for failure to make the money on the execution, which by diligence he could have made, but for failure to return it as commanded.   (*Sec.* 3651.)

In *Norris et al v. State use, &c.*, 22 *Ark.* 524, which was a suit against a sheriff and his sureties, for his failure to return an execution, it was held that he was liable, under the statute, for not returning it according to law, though he had been prevented by the conduct of the plaintiff therein from making sales, or adjusting or collecting their proceeds. That regardless of the conduct of the plaintiff he should have discharged the duty imposed on him by law of returning the execution.

In *Noble & Bro. v. Whetstone*, 45 *Ala.*, 361, which was a motion against a sheriff and his sureties, for a failure to return an execution, it was held that the fact that the defendant in the execution had been declared a bankrupt, and discharged from the debt, before the execution issued, was no valid excuse for the failure of the sheriff to return the writ.

The sheriff must return proper process, whether it is executed or not, but he is not bound to return a void writ. *Herman on Executions, p.* 378.

In *Brown et al. v. Baker et al.*, 9 *Porter*, 503, it was held to be the imperative duty of a sheriff, under the statute, in whose hands process was placed, to return it to the proper court, whether executed or not.

The statute provides that: "No sheriff, coroner, constable or other officer shall be compelled to execute any writ or process, except in criminal cases, and in cases where the

Heer & Co , v. Atkinson, et al.

State or county is plaintiff, unless the person in whose favor such writ or process is issued, his agent or attorney, shall first tender to such officer a sufficient sum of money to pay the cost of such service and mileage from the courthouse to the usual place of abode of the defendant, or other person named in such writ or process; nor shall any such officer be liable in any manner whatever for failing or refusing to execute any writ or process until the fees therefor be first tendered." *Fees Act, Feb.* 25, 1875, (*Acts* 1875, *p.* 181).

This statute is substantially the same as Sec. 13 of the Fees Act of July 23, 1868, *Gantt's Digest, Sec.* 2852.

In *Thomas v. Clendenin et al,* 12 *Ark.,* 60, it was decided that where a writ of error was sent to the clerk of a Circuit Court, commanding him to send up to this Court a transcript, etc., he had no right to withhold the same until his fees for making it out were paid, but must obey the writ. That the law of costs and fees was statutory, and no provision had been made for paying the clerk his fees in advance of the return in such case.

In *Atkinson v. Hulse et al,* 30 *Ark.,* 760, decided under Sec. 2852, Gantt's Digest, it was held that in a proceeding by notice and motion to recover summary judgment against a sheriff and his sureties for failing to serve process, (writs of summons), the notice must show that the fees and mileage to which the officer was entitled were paid or tendered.

If this had been a proceeding against the sheriff, etc., for failure to make or attempt to make the money on the execution—in other words, for failure to execute the writ, the above decision would be in point.

But in this case it is alleged that plaintiffs caused the execution to be placed in the hands of the sheriff, and that he accepted the same to cause the money to be made, as therein commanded; and that after receiving the execution, held it in his hands, and not having executed it upon the

estate of the defendants therein, failed to make return thereof, etc. These allegations were not denied in the answer.

Failure to prepay fees no defense. The defense was that plaintiffs did not pay or tender the sheriff his fee for returning the execution, though none were demanded. And the Court decided that plaintiffs could not recover for the failure to return the execution, without having paid or tendered the fees therefor.

The sheriff, having received the writ to execute it, without demanding fees, if he thought proper not to execute it because his fees were not paid or tendered, should have returned it to the clerk with his refusal endorsed; he should not have kept it in his hands until after its return day, as he did, doing nothing with it.

Reversed and remanded for a new trial.