## JETT ET AL. V. SHINN.

1. SHERIFFS: *Liability for failure to return execution.*
   The irregularity of an execution is no excuse to a sheriff for failing to execute and return it, unless the irregularity be such as to render it void. If it is amendable, or a valid sale may be made under it, he is bound to execute it, disregarding the irregularities.

2. EXECUTION: *Not signed by the clerk.*

The omission of the clerk to sign a writ issued by him, or the affixing by inadvertence the name of another person instead of his own, is a mere clerical error—a matter of form and not of substance—and the defect will be treated as amended whenever it is collaterally·assailed.·

3. SAME: *Sheriff misled by plaintiff.*

The sheriff is not excused for not returning an execution by any consent of the plaintiff which does not show that the non-return resulted from the act or instruction of the plaintiff, or was ratified or waived by him.

APPEAL from *Johnson* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*J. E. Cravens* and *A. S. McKennon* for Appellants.

A writ without signature or seal, while mandatory to a high degree in language, would still evidence no great regularity for protection to the officer, and so far fail as not to make it obligatory upon him to serve it. It would not justify an arrest, nor would a sale under it convey title.

The irregularities of a writ which a sheriff must overlook are such as in case·of a sale would not affect the title. *Freeman on Ex., sec. 103; Cooley on Torts., p. 172.*

While it has been held that a writ without signature or without a seal is not void, but amendable, yet this is far worse than a writ without either, as it was signed by the plaintiff in execution, and was consequently without claim of authority. *Freeman on Ex., secs. 73, 23; 8 Ark., 363.* The clerk, in issuing writs, can use only his own name. *Freeman on Ex., sec. 23; Cooley on Torts, p. 173.* The issuance of a writ in the name of one not an officer avoids it.

The second paragraph set up a good defense. *Murfree on Sheriffs, secs. 959, 960.*

The writ upon its face gave the sheriff no guaranty of security, and for that reason did not impose upon him the duty of serving and returning it.

*Jeff. Davis* and *G. W. Shinn* for Appellee.

The only question that is presented for the consideration of this court is as to whether the execution in question is void or voidable. If void, the appellant was not compelled by law to serve or return it. *Herr & Co. v. Atkinson et al., 40 Ark., 377.*

But if voidable only, and subject to be amended, then appellant was bound to execute and return it within the time prescribed by law and commanded by said execution. *Bissell v. Kip, 5 Johns., 89; Cable v. Cooper, 15 Johns., 152; Jones v. Cook, 1 Cow., 309; The People v. Dunning, 1 Wend., 16; Freeman Ex:, sec. 103; Noble v. Whetstone, 45 Ala.*

The execution in this case was voidable only, and when attacked collaterally, will be considered as amended. *12 Ark., 537; 5 Wend., 103; 13 Metc., 176, 478; 4 Blackf., 137; Kahn v. Kuhn, 40 Ark., 404; 9 Mass., 218; 11 Mass., 218; 25 Ark., 524; 18 Wis., 560; 23 Mich., 286; 4 Cow., 550; 2 Pick., 592; 1 Cow., 203.*

The sheriff is not the proper person to contest the validity of an execution; that concerns only the defendant. *5 Johns., (N. Y.), 99.*

"In the service of civil process, however, the sheriff is charged with duties only to the parties to the proceedings. Thus, he is liable to the plaintiff for refusal or neglect to serve process, or want of diligence in service; for neglect or refusal to return process," etc. The appellant is liable beyond all question. *Herman on Executions, sec. 414; Tood & Rafferty v. Hoagland, et al., 36 N. J., 352; Noble v. Whetstone, 45 Ala., 361; Norris et al. v. State, 22 Ark., 524; Whiting & Slark v. Beebe et al., 12*

*Ark., 537 et seq.; Taylor & Co. v. Hancock & Co., 19 La., 466; Swezey v. Lott, 21 N. Y., 481; Bowman v. Cornell, 33 Barb., 69; Earl v. Smith, 26 Tex., 522; Deposit Bank v. Glenn, 1 Mets. (Ky.), 585; Cooley on Torts, 464–5–6; 9 Conn., 140; 97 Penn. St., 78; 44 Ark., 174; Herman on Ex., pp. 378, 630; 9 Porter, (Ala.), 503; Freeman Ex., secs., 207, 368; 2 La. Ann., 411.*

The acts of plaintiff's attorney did not excuse the sheriff from returning the writ in due time. *22 Ark., 524.*

SMITH, J.  The complaint alleged that, by the consideration of the Pope circuit court, the plaintiff, Shinn, had recovered judgment against one Battenfield for $1306.34 debt, $108 damages, and costs of suit; that on the 29th of November, 1884, he caused the clerk of said court to issue an execution upon said judgment, directed to the sheriff of Johnson county, and returnable within sixty days; that this writ came to the hands of said sheriff on the 2d of December, 1884, and was by him accepted, and levied on the 4th day of the same month on lands of the defendant; but no sale was had thereunder, nor was the execution returned within the time limited by law. Wherefore judgment was demanded against the sheriff and the sureties on his official bond, for the amount of the plaintiff's judgment against Battenfield.

The answer set up two defenses:  1.  That the execution was not signed and tested by the clerk of the court in which the judgment was rendered, but bore the signature of the plaintiff in the execution.  2.  That the sheriff was misled, by information derived from the plaintiff's attorney, into the belief that it was necessary to advertise the sale for sixty days, and accordingly advertised the sale to take place on the 4th day of February, 1885, but afterwards discovering that he had no power to sell after the return day of the writ, had returned the same partially executed.

To this answer a general demurrer was sustained; and the defendants declining to plead further, final judgment went against them.

*Sec. 3061 of Mansfield's Digest* makes the officer, to whom an execution is delivered, liable for the whole amount in such execution specified, for failure to return the writ before the re-turn day expires.　This is a very rigid and peremptory statute, as may be seen by reference to its language and to the cases of *Heer v. Atkinson, 40 Ark., 380*, and *Atkinson v. Heer, 44 Id., 174.*

Whether the sheriff was bound to execute and return the process seems to depend on the question whether it was void or only erroneous.　"It is no defense that the writ was irregular, where the irregularity is not such as to render it void." "Whenever the writ is amendable, or is such that, by the failure of the proper party to move for its vacation, it may be lawfully executed, and may by a sale thereunder transfer the title of the defendant, the sheriff is bound to execute it, and to take no notice of the irregularities, and is as liable to the plaintiff for any neglect or misconduct in its execution as though it were in all respects regular."　*Freeman on Executions, secs 103, 368; Daily v. State, 56 Miss., 475; Cable v. Cooper, 15 Johns., 152.*

In *Powers v. Swigart, 8 Ark., 365*, it is said, *arguendo*, that the clerk's signature is essential to the validity of the writ. But this *dictum* is at war with *Whiting & Slack v. Beebe, 12 Ark., 421*, and subsequent decisions.　And the sounder doctrine is, that his omission to sign a writ issued by him, or the affixing by inadvertance the name of another person instead of his own, as in this case, is a mere clerical misprision—matter of form, and not substance—and that the defect will be treated as amended whenever it is collaterally assailed.　*Mitchell v. Conley, 13 Ark., 315; Thompson v. Bremage, 14 Id., 59; Lawson v.*

*Jordan, 19 Id., 306; Atkinson v. Gatcher, 23 Id., 101; Blanks v. Rector, 24 Id., 496; Bridwell v. Mooney, 25 Id., 524; Galbreath v. Mitchell, 32 Id., 278; Youngblood v. Cunningham, 38 Id., 571; Kahn v. Kuhn, 44 Id., 404; Wibright v. Wise, 4 Blackf. (Ind.), 137; Burton v. Pettibone, 5 Yerger, 443; McCormick v. Mason, 1 Serg. & R., 97; People v. Dunning, 1 Wendell, 17; Jones v. Cook, 1 Cowen, 309.*

The sheriff is not excused from returning an execution by any conduct of the plaintiff, which falls short of showing that the non-return resulted from the act or instructions of the plaintiff, or was ratified or waived by him.

If the sheriff was misled by advice of the plaintiff's attorney, so that he postponed the date of sale beyond the life time of the writ, this may furnish a satisfactory reason for not selling, and for not having the money to render to the plaintiff. But it is no excuse for not returning the process upon its return day. *Norris v. State, 22 Ark., 524.*

Judgment affirmed.