### BICKHAM v. KOSMINSKY.

Opinion delivered March 11, 1905.

EXECUTION—FAILURE TO RETURN—WHEN EXCUSED.—A sheriff is not liable to the statutory penalty for failure to return an execution within the required time if he acted in obedience to the instructions of plaintiff's attorney.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

### STATEMENT BY THE COURT.

Kosminsky and Bedingfield sued Bickham, sheriff of Miller County, and the sureties on his official bond for a failure to return an execution in their favor against Elias Pickett in the sum of $1,017 principal, and interest and costs, within sixty days from the date thereof. The prayer was for judgment against Bickham and his sureties for the amount called for in the execution against Pickett.

The sheriff and his sureties answered, admitting that said execution came to the sheriff's hands, the amount, etc., as alleged, and that it was not returned within 60 days, but deny that the failure to return it within said time was from any fault or neglect of the sheriff, and alleged the following matter:

"That J. D. Cook was the attorney of record for the plaintiffs in and connected with said judgment, and was the person who had charge of said execution. That the defendant advised himself of the financial condition of the defendant in the execution, and learned the fact that he was execution proof, and had no property out of which the money could be made, and that this fact was well known to said J. D. Cook. That this defendant, I. A. Bickham, repeatedly called on said J. D. Cook for instructions in reference to the disposition of said execution with a view to get said Cook to consent to a return thereof, and was told each time to hold the execution until he received further orders from him. That, just before said execution expired, this defendant called on said J. D. Cook again with a view of getting said Cook to consent to a return thereof, at which time said Cook and this defendant discussed the financial condition of the defendant in the execution, and it was known by both that the defendant had no property out of which the money could be made, and this defendant expressed his intention of returning the execution, but the said J. D. Cook asked him not to return same, but to hold the execution until he gave further orders, stating that if it ran out in the mean time he would have another

execution issued. That it was through and by these acts of the said J. D. Cook, waiting for the action of the said J. D. Cook, that kept the defendant from returning the execution on the return day. That said J. D. Cook led this defendant to believe and understand that it made no difference with him if the execution was not returned on the return day, and it was by and through these acts that caused a failure to return the execution on the return day, and not from any fault or neglect of the defendant."

A demurrer was sustained to this answer, and, the defendants declining to plead further, judgment was rendered against the defendants as prayed, and they have appealed.

*L. A. Byrne,* for appellant.

Before the statutory penalty will be imposed, it must appear that the statute was violated in letter and spirit. 44 Ark. 174; 47 Ark. 373; 33 Ark. 468.

*J. D. & J. E. Cook,* for appellees.

The statute was violated in letter and in spirit. 56 Ark. 45; 40 Ark. 380; 22 Ark. 524. The sheriff must discharge the duty imposed by law. 17 Cal. 87. The answer was insufficient. 44 Ark. 177; 45 Ala. 361.

HILL, J., (after stating the facts.) Section 3286, Kirby's Digest, imposes a liability on a sheriff for failing to return an execution on or before the return day therein specified. The officer is "liable and bound to pay the whole amount of money in such execution specified, as therein indorsed and directed to be levied." The appellant seeks to escape this liability by setting up the conduct of the attorney of record of the execution plaintiff which he claims justified and authorized him in not returning the execution within the time specified.

In *Jett* v. *Shinn,* 47 Ark. 373, the court said: "The sheriff is not excused from returning an execution by any conduct of the plaintiff which falls short of showing that the nonreturn resulted from the act or instructions of the plaintiff, or was ratified or waived by him."

In a similar case under a similar statute in Mississippi the court, through Chief Justice CHALMERS, said: "While the officer

was not told in so many words that he might hold up the writ, he did receive instructions from which he was fairly led to infer a willingness upon the part of the plaintiff's attorneys for him to do so. Those who propose to invoke against officers the severe penalties of the statute upon which this motion is based must be careful to do nothing which directly or indirectly contributes to the omission of duty complained of." *Simms* v. *Quinn,* 58 Miss. 221. This statement may reach further than was contemplated in *Jett* v. *Shinn,* but it well illustrates the application of the rule announced in *Jett* v. *Shinn,* that the act or instructions of the party in interest in preventing the return is a defense to the officer.

The Kentucky court said: "A sheriff is not responsible for failing to return an execution to the proper office if he acts in obedience to the orders of the plaintiff; but it is incumbent on him to make out his defense by evidence." *Commonwealth* v. *Hurt,* 4 Bush, 64. The rule seems thoroughly established that the officer can defend against a failure of a statutory duty of this class, when sued by the plaintiff in execution, by showing that his omission to perform the duty was due to the conduct or instructions of the plaintiff or his attorney of record. *Stryker* v. *Merseles,* 24 N. J. L. 542; *People* v. *Offerman,* 84 Ill. App. 132; *State* v. *Boyd,* 63 Ind. 428; *Billingsly* v. *Rankin,* 2 Swan (Tenn.), 82; *Robinson* v. *Harrison,* 7 Humph. (Tenn.) 189; *Granberry* v. *Crosby,* 7 Heisk. (Tenn.) 579; 25 Am. & Eng. Enc. Law (2d Ed.), 692; Murfee on Sheriffs, § § 969, 969*a.*

The plaintiff in execution has a right to control the execution by himself or attorney, and, having such right, the officer must follow his instructions. *Burton* v. *Cave,* 41 N. W. Rep. 1097; *Morgan* v. *People,* 50 Ill. 58; *Smith* v. *Erwin,* 77 N. Y. 466; 25 Am. & Eng. Enc. Law (2d Ed.), 466.

This authority of the plaintiff must not be exercised to cause the sheriff to omit a statutory duty; but if it does cause him to do it, the plaintiff cannot take advantage of it. The court decided in *Craig* v. *Smith, ante,* p. 367, under different statute, that an officer would be protected against a penalty where an agreement of the complaining party caused the omis-

sion of the statutory duty. This is but another invocation of the same principle in different form.

The court is of opinion that the answer presented a good defense, and the court erred in sustaining a demurrer to it. Reversed, with directions to overrule the demurrer and proceed in accordance with this opinion.