## HAMMONS v. PENDLETON.

### Opinion delivered November 14, 1910.

EXECUTIONS—FAILURE TO RETURN—PENALTY.—An officer is not liable for the statutory penalty for failure to return an execution within sixty days where plaintiff's attorney directed him to do nothing further with the writ until he could see about making a compromise.

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*R. L. Floyd,* for appellant.

The sheriff was never instructed not to return the execution, and the rule announced in 74 Ark. 413, does not apply. The instruction given by one of plaintiff's attorneys not to advertise and sell the property does not excuse the failure to make return. 35 Cyc. 1725, par. 22; 47 Ark. 373; 22 Ark. 524.

*Powell & Taylor,* for appellee.

Where the failure to fully perform his statutory duty by the sheriff is due to the conduct or instructions of the plaintiff in execution or his attorney of record, the sheriff is not liable. The execution is under the control of the plaintiff and his attorney, and the officer must follow instructions. 24 N. J. L. 542; 84 Ill. App. 132; 63 Ind. 428; 2 Swan (Tenn.), 82; 7 Humph. (Tenn.), 189; 7 Heisk. (Tenn.), 579; 25 Am. & Eng. Enc. of Law (2 ed.), 692; *Id.* 466; Murfree on Sheriffs, par. 969, 969a; 41 N. W. 1097; 50 Ill. 58; 77 N. Y. 466; 74 Ark. 413.

McCulloch, C. J. Appellant's intestate, F. A. Hammons, moved for a summary judgment in the circuit court of Union County against W. G. Pendleton, former sheriff, for failure to return an execution issued against one Edwards. The circuit court refused to give judgment as prayed, and an appeal has been taken to this court.

The motion was heard upon oral testimony, and the court found therefrom that the failure to return the execution was caused by the instructions and advice of the attorney of the creditor. Appellee testified that, after the execution came to his hands as sheriff, the attorney for plaintiff instructed him to do nothing with it until he (the attorney) could see about making a compromise with the debtor; that nothing further was said to him about the execution until this proceeding for summary judgment against him was instituted. The attorney for plaintiff testified in substance the same. The evidence was sufficient, therefore, to sustain the findings of the court.

In *Bickham* v. *Kosminsky,* 74 Ark. 413, which was also a suit to recover for failing to return an execution, we said: "The plaintiff in execution has a right to control the execution by himself or attorney, and, having such right, the officer must follow his instructions. * * * This authority of the plaintiff must not be exercised to cause the sheriff to omit a statutory duty; but if it does cause him to do it, the plaintiff can not take advantage of it."

It is true, there was no specific instruction to appellee not to return the execution, and, as said by this court in *Jett* v. *Shinn,* 47 Ark. 373, "the sheriff is not excused from returning an execution by any conduct of the plaintiff which falls short

of showing that the nonreturn resulted from the act or instructions of the plaintiff, or was ratified or waived by him." We think the evidence was sufficient to warrant the court in finding, however, that the sheriff was instructed by the attorney to take no further steps at all under the execution, even to return it. At the time the instructions were given, the sheriff suggested that, as his term of office was approaching a close, the execution should be renewed, and it was then that the attorney instructed him to do nothing with it until he could see about making a compromise. Under those circumstances, we think the sheriff was warranted in holding the execution under the belief that the plaintiff would take no advantage of his failing to discharge his duty in serving or returning the writ. In fact, under those circumstances, he had no duty at all to discharge save to follow the advice of the attorney and hold the writ for further orders.

The Supreme Court of Mississippi, in a similar case, used the following language, which we think is peculiarly applicable to this case: "While the officer was not told in so many words that he might hold up the writ, he did receive instructions from which he was fairly led to infer a willingness upon the part of the plaintiff's attorneys for him to do so. Those who propose to invoke against officers the severe penalties of the statute upon which this motion is based must be careful to do nothing which directly or indirectly contributes to the omission of duty complained of." *Simms* v. *Quinn,* 58 Miss. 221.

The judgment is affirmed.