HAMILTON *v.* PAN AMERICAN SOUTHERN CORP.

5-3241                                                    378 S. W. 2d 652

Opinion delivered April 27, 1964.

[Rehearing denied June 1, 1964.]

*John Dale Thweatt, Moses, McClellan, Arnold, Owen & McDermott* and *James R. Howard,* for appellant.

*Thorp Thomas* and *Roy Finch, Jr.,* for appellee.

PAUL WARD, Associate Justice. The principal question involved in this appeal relates to the liability of a sheriff for failing to make a statutory return on an execution. Most of the facts involved are not in dispute. The ones presently set out are not questioned.

*Facts.* In 1956 appellee, Pan American Southern Corporation, secured a judgment in the Pulaski County Circuit Court against one R. W. Coyle in the sum of $2,782.42. The judgment not having been paid, appellee's attorneys had an execution issued by the Pulaski County Circuit Clerk against Coyle, directed to the sheriff of Prairie County, in which county Coyle was living. The execution was dated August 30, 1961 and was signed: "Roger McNair, Clerk, by Martha Deaton, Deputy Clerk". It is agreed that the sheriff was obligated by statute, Ark. Stat. Ann. § 30-431 (Repl. 1962), to make a return within 60 days after the date of issuance. It is also agreed that the return must be made to the clerk of the issuing county—in this instance, Pulaski County. The sheriff of Prairie County (appellant) did not return the execution to Pulaski County until several months after it was due to be returned.

Ark. Stat. Ann. § 29-208 (Repl. 1962) in all material parts, provides that judgments shall be rendered for the plaintiff against the sheriff . . . "For failing to return an execution; the amount of the judgment on which it was issued, including all the costs and ten [10] per centum thereon."

Based on the above statute, appellee, in October, 1962, filed a Motion for Summary Judgment against appellant (E. O. Hamilton, Sheriff of Prairie County) in the amount of the judgment (together with interest) previously rendered against Coyle, plus 10% penalty. Appellant, in answering, in substance, contended, among other things, that ". . . there was no indication on said execution showing from which county or court it was issued . . ." and that, thinking the execution was issued by the clerk of Prairie County, he made proper return to said clerk within the time provided by law (60 days).

A jury trial resulted in a verdict and judgment against appellant in the amount of $4,696.27.

Appellant relies on three separate grounds for a reversal. We find no error based on the first and third grounds, and will therefore discuss them only briefly.

It was not error for appellee's attorney, on *voire dire* examination of the jury, to ask if any juror worked for an insurance company, since the law requires a sheriff to provide a surety bond. The question here raised by appellant was decided against his contention in *Brundrett* v. *Hargrove,* 204 Ark. 258, 161 S. W. 2d 762. Neither do we find any merit in the third ground. There the court refused appellant's requested Instruction No. 2, and properly so. The instruction permitted the jury to find appellee waived any rights it had under the statute. We have searched the record diligently and find no evidence to support such instruction.

*The Issue.* The decisive issue, and the one which we think calls for a reversal, arises out of the court's refusal to give appellant's requested Instruction No. 1. It reads as follows:

"You are instructed that in this case it is undisputed that E. O. Hamilton, Sheriff of Prairie County, failed to make a return on the execution to the Clerk of Pulaski County, Arkansas, from which it was issued within the time prescribed by law. *You are further told that it is undisputed that the sheriff did return the execu-*

*tion to the Clerk of Prairie County within the time pre-
scribed by law.* You are instructed that if you find from
a preponderance of the evidence in this case that the
failure to make the return to the proper clerk (which
was the Clerk of Pulaski County) was due to a mistake
of existing facts on the part of the sheriff as to which
clerk issued the execution and that such mistake was not
made as a result of the sheriff's own negligence or care-
lessness, then you are told that the sheriff is not respon-
sible to the plaintiff and your verdict will be for the
sheriff.'' (Emphasis added.)

First, appellee contends the court was justified in
refusing to give the above instruction because of the
words we have emphasized. That is, appellee says it is
not *undisputed* that appellant returned the execution
to the clerk of Prairie County before the 60 days had
expired. We do not agree with appellee. The copy of
the execution (in the record) shows it was returned on
October 26, 1961, signed by the sheriff, stating no prop-
erty was found in Prairie County. Foster, the deputy
sheriff, said he delivered the execution (at the direction
of appellant) to the office of the clerk of Prairie County,
well within the 60 days limit. We find no testimony in
the record which contradicts the above.

Therefore we proceed to consider appellant's con-
tention that he made the return to the clerk of Prairie
County (instead of the clerk of Pulaski County) because
he was led to do so by certain facts and circumstances
over which he had no control. He says that the execution
was handed to him by the clerk of Prairie County and
that there was nothing on the execution to indicate it
was issued by the clerk of Pulaski County. On the other
hand, appellee says the sheriff should have known there
was no clerk in Prairie County named ''McNair'' and
that the seal on the copy of the execution shows it was
issued out of Pulaski County. We have carefully exam-
ined the photostatic copy of the execution in the record,
and find the imprint of the seal wholly illegible, and we
find nothing else on the copy (except perhaps the name
of McNair) which in any way indicates the execution

was issued from Pulaski County. Therefore, we feel that the record presents for the jury a question of fact as to whether appellant was excusable in failing to make a return of the execution on Pulaski County.

There can be no doubt that § 29-208 is highly penal. The fact that Coyle may have been insolvent would not release appellant from liability. *Atkinson* v. *Heer & Co.,* 44 Ark. 174. In dealing with a statute of this kind it is well established by our decisions that it "must be strictly construed in favor of those upon whom the burden is sought to be imposed." *State* v. *International Harvester Co.,* 79 Ark. 517, 96 S. W. 119. To the same effect, see also, *Fiser* v. *Clayton and Clayton* v. *McAmis,* 221 Ark. 528, 254 S. W. 2d 315; *Thompson* v. *Chadwick,* 221 Ark. 720, 255 S. W. 2d 687; *Davis* v. *Fowler et al,* 230 Ark. 39, 320 S. W. 2d 938; and *Smith* v. *Faubus,* 230 Ark. 831, 327 S. W. 2d 562.

In the case of *Bickham* v. *Kosminsky,* 74 Ark. 413, 86 S. W. 292, where a similar issue was considered this Court said: [quoting from *Simms* v. *Quinn,* 58 Miss. 221] " 'Those who propose to invoke against officers the severe penalties of the statute upon which this motion is based must be careful to do nothing which directly or indirectly contributes to the omission of duty complained of'." See also *Hammons* v. *Pendleton,* 96 Ark. 444, 133 S. W. 177; *Wilkerson* v. *Mobley,* 152 Ark. 124, 237 S. W. 726; and *McIlroy Banking Company* v. *Mills,* 178 Ark. 741, 11 S. W. 2d 481. This prompts us to suggest the advisability that, hereafter, the execution show the county in which it originates.

It follows from what we have said above that the trial court erred in refusing to give appellant's requested Instruction No. 1. The judgment is therefore reversed, and the cause is remanded for a new trial.

Reversed and Remanded.