359 F.2d 604
 Jesse E. LANDRUS, as Administrator of Estate of Arlene L.
Landrus, Deceased, and Jesse E. Landrus, in His
Own Right, Appellant,
v.
ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellee.
 No. 18008.
 United States Court of Appeals Eighth Circuit.
 May 6, 1966.
 
 1
 G. D. Walker, of Frierson, Walker & Snellgrove, Jonesboro, Ark., made argument for appellant and filed brief with Ford, Ford & Crow, Kennett, Mo.
 
 
 2
 J. C. Deacon, of Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., made argument for appellee and filed brief.
 
 
 3
 Before MATTHES and GIBSON, Circuit Judges, and REGAN, District Judge.
 
 
 4
 REGAN, District Judge.
 
 
 5
 Appellant, as administrator of the Estate of Arlene L. Landrus and in his own right, brought this diversity action against St. Louis Southwestern Railway Company to recover damages for the wrongful death of Mrs. Landrus. A jury trial resulted in a verdict and judgment for the railway company. This appeal followed. The sole points on appeal relate to the adequacy of the instructions in two respects.
 
 
 6
 On the morning of November 2, 1963, Mrs. Landrus was a passenger in an automobile being operated by Charles w. McGlown in Rector, Arkansas. At the Main Street railroad crossing the McGlown automobile was struck by the locomotive of a short freight train operated by appellee. Both McGlown and Mrs. Landrus were killed.
 
 
 7
 In lieu of a transcript of the evidence, the parties have filed condensed statements of the evidence in narrative form to the extent they deem necessary for us to consider the two points relied on by appellant. Neither point challenges the sufficiency of the evidence to support either the verdict or the instructions given by the court.
 
 
 8
 Allegations of negligence submitted as against the railway company were: failing to keep a constant lookout, failing to give proper signals by ringing bell or sounding whistle, operating the train at an excessive rate of speed, and failing to have the crossing equipped with properly working flashing lights. Appellant adduced evidence supporting these allegations. There was substantial evidence on the part of appellee which negatived its negligence and warranted a finding that the train operations conformed to the requirements of Arkansas law. Additionally, appellee alleged, and the court submitted, the issue of contributory negligence on the part of Mrs. Landrus in failing to look and listen for the train and to warn the automobile driver of the train's approach.
 
 
 9
 Appellant's first point is directed to the following portion of the court's charge:
 
 
 10
 'You are instructed that railroad trainmen have a right to assume that travelers approaching a railroad track will act in response to the dictates of ordinary prudence and the instincts of self-preservation, and will in fact stop before placing themselves in a position of peril, and the trainmen have a right to rely upon this assumption until in the exercise of reasonable care they are aware or should have been aware that the traveler will not stop. It is only at this point that there is a duty on the trainmen to take precautionary steps to avoid a collision.'
 
 
 11
 Appellant concedes that this instruction 'is no doubt a correct statement of the law', but urges that the trial court upon his request should have added to the instruction a statement to the effect 'that the motorist has a right to assume, until the contrary becomes obvious by the exercise of ordinary care, that the railroad will comply with the various laws applicable to them.'
 
 
 12
 We find no reversible error in the denial of appellant's request to amend the instruction. The requested addition was not germane to the subject of the given instruction, which related essentially to the time at which the duty of the trainmen to take precautionary measures to avoid a collision first arose. The instruction was in accord with Arkansas law. See Blytheville, L. & A.S. Ry. Co. v. Gessell, 158 Ark. 569, 572, 250 S.W. 881, 882; Missouri Pac. R. Co. v. Doyle, 203 Ark. 1111, 1117, 160 S.W.2d 856, 858-859; and Sherman v. Missouri Pacific Railroad Company, 238 Ark. 554, 383 S.W.2d 881, 882. The given instruction did not purport to submit negligence on the part of the motorist, or for that matter the passenger. Appellant has not suggested how the legal principle which he sought to add to the instruction could have affected the submitted duty of the railroad.
 
 
 13
 In any event, the denial of the requested amendment could not have been prejudicial to the appellant. The court expressly instructed the jury that the negligence, if any, of the motorist prior to and at the time of the accident could not be imputed to Mrs. Landrus or to appellant. Thus, any question concerning the motorist's negligence was specifically withdrawn from the jury's consideration, so that it became immaterial whether the motorist had a right to assume that the trainmen would obey the law. In this situation, the proposed amendment would have been confusing and misleading.
 
 
 14
 Even as to the motorist, the requested amendment does not correctly state the applicable legal principle. We are cited to no case which has ever approved the giving of such an instruction. The cited case of Missouri Pac. R. Co. v. Lemons, 198 Ark. 1. 127 S.W.2d 120, does not involve an instruction. The only question there considered, on the railroad's appeal from a judgment for plaintiff, was, in the language of the court: 'Is there substantial evidence to support the verdict?'
 
 
 15
 As worded, the requested amendment permits the motorist to rely on the assumption of the railroad's compliance with all applicable laws 'until the contrary becomes obvious by the exercise of ordinary care.' This phraseology (that the motorist's right to rely on the assumption continues until the contrary actually becomes obvious, that is, plainly evident, to the motorist) not only creates a subjective standard, but would for all practical purposes eliminate discoverable peril from the jury's consideration insofar as the duty of the motorist is concerned.
 
 
 16
 As to the trainmen, the court correctly stated that they could rely upon the assumption that motorists would exercise ordinary care only 'until in the exercise of reasonable care they are aware or should have been aware that the traveler will not stop' (before placing himself in a position of peril). The requested amendment, however, would have led the jury to believe that the motorist had the right to continue to rely on the assumption that the railroad would exercise proper care even after the motorist should have been aware in the exercise of ordinary care that the railroad was not complying with the law.
 
 
 17
 Appellant's remaining point pertains to the following instruction:
 
 
 18
 'You are also told that a railroad crossing is at all times a place of known danger, and that ordinary care requires a passenger in a vehicle approaching such crossing with the intention of driving over it, to look and listen for approaching trains, and to continue on his or her guard of looking and listening until he or she has passed the point of danger. Now, obviously a passenger cannot control the movements of an automobile, but if such passenger sees or hears a train approaching, or could by the exercise of ordinary care, see or hear the approach of a train soon enough to give warning to a driver in time to avoid an accident, but nevertheless fails to give such warning and is then struck by the train, such passenger is guilty of negligence.'
 
 
 19
 Appellant conceded at the trial, and makes a similar but more limited concession on this appeal ('correct in the abstract'), that 'this is a correct instruction'. He urges, however, that 'it doesn't go far enough', and that the trial court should have added to the instruction the following statement of 'appellant's theory' on the submitted issue of contributory negligence of Mrs. Landrus: 'On the other hand, should you find from a preponderance of the evidence in this case that the decedent did discover her perilous position by the exercise of ordinary care in sufficient time to have given warning to the driver, and did in fact discharge this obligation on her part, then the decedent would not have been guilty of negligence.'
 
 
 20
 A careful study of the condensed narrative statement of the evidence discloses that there is no evidence whatever upon which to instruct the jury as requested. Arkansas follows the general rule that instructions must be supported by evidence. Reed v. Humphreys, 237 Ark. 315, 373 S.W.2d 580; Hamilton v. Pan American Southern Corp., 238 Ark. 38, 378 S.W.2d 652.
 
 
 21
 Appellant makes no contention that there is even a scintilla of evidence permitting a finding either that a warning was given by Mrs. Landrus or that a warning would not have been effective if given. To the contrary, the thrust of his argument on appeal is that 'there was no way of knowing whether a warning was given or whether it would have been effective if given', and therefore, since the jury was permitted to speculate on behalf of the railway, appellant was equally entitled to have the jury indulge in contrary speculation on his behalf. The short answer to this contention, aside from the fact that appellant did not question the sufficiency of the evidence to support the instruction as given, is that there was in fact substantial evidence to justify the submission of Mrs. Landrus' contributory negligence in failing to warn the driver.
 
 
 22
 There is no evidence of any obstruction of vision which would have prevented Mrs. Landrus from seeing the approching train. Three of appellant's witnesses testified that neither the driver nor Mrs. Landrus at any time looked to the right (the direction from which the train was coming) and that the automobile did not slow down prior to the collision. One of these witnesses testified that Mrs. Landrus was turned toward the left, facing the driver, as the automobile approached the crossing. There was other evidence, on behalf of appellee, that the flasher lights on the crossing were operating and that the statutory warning signals were given. The jury was entitled to infer from the evidence as a whole that Mrs. Landrus was not observant, that she gave no warning to the driver, and that had she given a timely warning the collision would have been averted. This does not, of course, mean that the jury was compelled to believe the testimony upon which the given instruction was based.
 
 
 23
 The trial court instructed the jury that the burden was upon the defendant to prove by a preponderance of the evidence that Mrs. Landrus was negligent and that unless it discharged this burden, the issue of contributory negligence must be found against defendant. In referring to appellant's claim that the automatic flashing lights at the crossing were not working, the court explicitly stated that if such were the fact, Mrs. Landrus might infer therefrom that no train was coming and thereby be impliedly invited to cross the railroad track. The jury was also told that no more was required of Mrs. Landrus than to exercise ordinary care for her own safety and that the duty to give a warning was imposed upon her only if by the exercise of ordinary care she could see or hear the approaching train soon enough to give warning to the driver in time to avoid the accident. As appears supra, the instructions clearly cautioned the jury that any negligence on the part of the driver was not imputable to Mrs. Landrus and that she could be found guilty of contributory negligence only if she failed to exercise ordinary care for her own safety.
 
 
 24
 The instructions as a whole adequately submitted appellant's theory. The mere fact that there was evidence to submit affirmatively the issue of whether Mrs. Landrus failed to give a timely warning does not entitle appellant to an instruction authorizing the jury to find affirmatively, with no evidentiary support, that such a warning was given. Under the evidence, appellant's 'theory' could only be that the railway had not sustained its burden of proving that Mrs. Landrus was negligent. As we have noted, the trial court emphasized that the jury must find against the railway on the issue of contributory negligence unless it discharged its burden of proving this defense by a preponderance or greater weight of the evidence. Appropriate instructions on the credibility of witnesses and the weight to be accorded their testimony were given. The jury was sufficiently instructed on the issue of contributory negligence.
 
 
 25
 The given instructions considered as a whole (as the jury was charged they must be) fairly presented the simple factual issues involved in this case. We find no basis for appellant's contention that the jury could have been misled by the refusal of the court to make the two requested amendments to the instructions.
 
 
 26
 The issue of negligence and contributory negligence were admittedly for the jury. Regrettable as was the tragedy, an adverse vedict does not entitle appellant to a reversal in the absence of prejudicial error.
 
 
 27
 The judgment is affirmed.