VINSON ELECTRIC SUPPLY, INC. *v.* Carl POTEETE

95-52                                                    905 S.W.2d 831

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*Peel Law Firm, P.A.,* for appellant.

*Edmund M. Massey, P.A.,* by: *Edmund M. Massey,* for appellee.

ROBERT H. DUDLEY, Justice. Plaintiff Vinson Electric Supply Company obtained judgment against Johnny Carolina, David Carolina, and J&D Carolina General Contractors, Inc., for $14,471.00 plus interest, attorney's fees, and costs. The defendants did not pay the judgment, and on August 5, 1993, plaintiff caused the Circuit Clerk of Conway County to issue a writ of execution. The writ commanded the Sheriff of Conway County to "take into your possession from Johnny Carolina, David Carolina, and J&D Carolina General Contractors, Inc., the judgment debtor, all real and personal property." The Conway County Sheriff received the writ by mail from plaintiff's attorney on August 16, 1993.

A sheriff is required to make a return on a writ and is to file it with the issuing clerk within sixty days of the date it was issued. Ark. Code Ann. § 16-66-416 (1987). A return on a writ of execution is a short written statement by the officer, either indorsed on the instrument or attached to it, describing his action taken in obedience to the mandate of the writ, or stating the reason he has done nothing. *Smith* v. *Drake,* 174 Ark. 715, 297 S.W.2d 817 (1927). A sheriff is liable for the whole amount specified in the writ if he does not make the return on the writ and file it in the clerk's office on or before the day specified. Ark. Code Ann. §§ 16-65-202(b)(1), 16-66-118(a)(3) (1987).

On September 30, 1993, or fifty-five days after issuance of the writ and forty-five days after receiving it, the Sheriff mailed the writ back to plaintiff's attorney without making a return, and in an accompanying letter, advised the attorney that the writ was not complete since it did not list a "specific piece of property to

be executed upon" and the information was required by law "before levy can be made." Plaintiff's attorney did not further describe the property to be executed upon nor did he return the writ to the Sheriff. The Sheriff did not file the writ with the Circuit Clerk.

On October 21, 1993, or immediately after the sixty days passed, plaintiff brought this action for judgment pursuant to Ark. Code Ann. § 16-65-202. Both parties moved for summary judgment, and the trial court, without giving a reason, granted summary judgment in favor of the Sheriff.

The Sheriff contended below that he was excused from liability as provided by statute because the plaintiff's attorney interfered with his ability to perform his duties. His supporting affidavit stated that plaintiff's attorney held the original writ of execution, thereby keeping him from making the return and filing it. As additional grounds for summary judgment, the Sheriff argued that the writ of execution did not have a description of specific property as required by statute; he was immune from liability under the general immunity statute, Ark. Code Ann. § 21-9-301; and he was not liable because he had acted with due care in performance of his duties as required by Ark. Code Ann. § 16-66-119. Plaintiff appeals and argues that the summary judgment was inappropriate on all of the grounds advanced by the Sheriff. We affirm the grant of summary judgment on the ground that plaintiff's attorney interfered with the Sheriff timely making the return.

■ Summary judgment is appropriate if the record before the trial court shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Tullock* v. *Eck*, 311 Ark. 564, 567; 845 S.W.2d 517, 519 (1993); ARCP Rule 56(c). Both parties apprised the trial court that there were no issues of material fact. Consequently, the trial court applied the law to the facts.

In support of his motion for summary judgment, the Sheriff attached his affidavit stating that he returned the *original* writ to plaintiff's attorney to make the property description more specific and that plaintiff's attorney never returned the *original* writ, and that "his holding the *original* Writ of Execution prevented me from returning same as required by law." (Emphasis added).

The Sheriff argued that under these facts and our interpretation of the statutes, he was excused from liability.

On appeal, in advancing this assignment of error, plaintiff contends that the trial court erred in granting summary judgment because a sheriff cannot escape liability under the applicable statutes unless the judgment creditor does some affirmative act or intentionally interferes with the officer. He contends the facts show that he neither acted affirmatively nor intentionally interfered with the Sheriff.

In *Southern Credit Corp.* v. *Atkinson*, 255 Ark. 615, 502 S.W.2d 497 (1973), we observed that many of our early cases strictly enforced the statutes against the officer. *See Jett* v. *Shinn*, 47 Ark. 373, 1 S.W. 693 (1885); *Herr & Co.* v. *Atkinson*, 40 Ark. 377 (1882). However, by the turn of the century we began to abandon the original hard line so that a judgment creditor could not prevent an officer from completing his duty and then take advantage of it. *Bickham* v. *Kosminsky*, 74 Ark. 413, 86 S.W.292 (1905). In *Wilkerson* v. *Mobley*, 152 Ark. 124, 237 S.W. 726 (1922), we wrote:

> The statute in question is highly penal, and a party invoking it must bring himself within both the letter and spirit of it. Therefore, he can do nothing which directly or *indirectly* contributes to the omission of the duty complained of and still hold the sheriff answerable under the statute.

*Id.* at 127, 237 S.W.2d at 727 (emphasis added).

In *Hamilton* v. *Pan American Southern Corp.*, 238 Ark. 38, 378 S.W.2d 652 (1964) we said:

> In dealing with a statute of this kind it is well established by our decisions that it *"must be strictly construed in favor of those upon whom the burden is sought to be imposed."*

*Id.* at 42, 378 S.W.2d at 654 (quoting *State* v. *International Harvester Co.*, 79 Ark. 517, 96 S.W. 119 (1906)) (emphasis added).

In summary, between 1882 and 1964, our interpretation of the statutes has changed from one of strict enforcement against the officer to one providing that a judgment creditor cannot benefit from any direct or indirect act that contributes to the officer's

omission to perform his duty. In conformity, we decided a case in 1973 that gives guidance for the case at bar. In that case, *Southern Credit Corp.* v. *Atkinson,* a sheriff made the return on the writ but mailed it to the judgment creditor's attorney rather than filing it with the clerk. *Southern Credit Corp.,* 255 Ark. at 616, 502 S.W.2d at 499. The judgment creditor moved for a summary judgment just as in the case at bar. *Id.* at 615, 502 S.W.2d at 498. The trial court denied the motion by the judgment creditor just as in this case. *Id.* The case went to trial. The judgment creditor moved for a directed verdict. The motion was denied, and the jury returned a verdict in favor of the Sheriff. We affirmed and in doing so, we wrote:

> [H]e mailed it to the attorney because he received it from the attorney (this fact is of considerable significance to us). . . . [W]hen the process was sent to the sheriff, not by the clerk, but by the attorney, the latter may have contributed, indirectly at least, to the sheriff's returning the execution to the attorney.

*Id.* at 619, 502 S.W.2d at 500.

In the case at bar, the judgment creditor's attorney mailed the original writ to the Sheriff and he mailed it back to the attorney. In addition, the Sheriff, by cover letter, asked the plaintiff's attorney to make a specific listing of property. The plaintiff's attorney never advised the Sheriff of any specific property and kept the writ past the deadline for filing with the clerk.

The case of *Wilkerson* v. *Mobley* is also in point. In that case, the judgment creditor instructed the Sheriff to give the debtor additional time in which to pay. *Wilkerson,* 152 Ark. at 126, 237 S.W. at 727. The judgment creditor then sued the Sheriff for not returning the first execution after the Sheriff failed to carry out an agreement to have another execution issued later. *Id.* at 128, 237 S.W. at 727. The creditor contended that the only conduct on his part that could excuse the Sheriff for not returning the first execution was some type of action that was equivalent to a waiver. *Id.* at 127.[1] We rejected such a strict application of the

---

[1] The creditor's argument is set out in full in the Arkansas Reports but is not recorded in the Southwest Reporter.

statutes and affirmed the grant of summary judgment, stating: "Where the failure of the sheriff to make the return is caused by the plaintiff himself, he ought not to be permitted to obtain any advantage by it." *Id.*

In the case at bar, plaintiff's attorney mailed the writ to the Sheriff and the Sheriff returned the writ to the attorney by mail and asked that the property to be executed upon be specified. The attorney did not respond and, in addition, physically retained the writ past the deadline. Thus, the trial court correctly construed the statutes in accordance with our cases, and we affirm the grant of summary judgment.

At the oral argument of this case in this court, plaintiff contended there is a dispute of material fact and consequently the case should be reversed and remanded. However, plaintiff's motion for summary judgment in the trial court was supported only by the court proceedings showing the writ of execution was never endorsed or returned. Plaintiff made no argument to the trial court that there was any material dispute of fact. In fact, plaintiff's counsel told the trial court there was no dispute of fact. On appeal, for the first time, plaintiff contends that he initially mailed the Sheriff only a copy of the writ; that the Sheriff returned the copy to him; that the original writ was at all times on file in the Circuit Clerk's office, which is only a few feet from the Sheriff's office; and, consequently, all the Sheriff had to do to fulfill his obligation was to walk a few feet and make an endorsement on the original writ. A party cannot state to the trial court that there is no material fact in dispute, and then, on appeal, successfully contend that summary judgment must be reversed because there is a dispute of fact. There are a number of reasons our law so provides, and one of them is that, absent unusual circumstances that are not likely to ever be present in a summary judgment proceeding, we only reverse because of some erroneous ruling by the trial court. *Stevens* v. *State*, 319 Ark. 640, 893 S.W.2d 773 (1995). Plaintiff cannot complain that the trial court erred in accepting his counsel's statement.

Since we affirm the grant of summary judgment on the foregoing point of appeal, it is not necessary that we decide any of the other points advanced by plaintiff. However, we note, for the benefit of the General Assembly, that one of the other points

involves the construction of Ark. Code Ann. § 16-66-104 (Supp. 1993), and whether a writ of execution must specify the property upon which the execution is to be made. Briefly, the statute provides that the writ "may" be worded as set out in the statute and that the prescribed form may be altered. *Id.* § 16-66-104(a)-(b). It also provides for a "description of specific property." *Id.* § 16-66-104(a). The older companion statute providing for an abstract of executions, Ark. Code Ann. § 16-66-115, does not require a description of specific property, and the older "time of lien" statute, § 16-66-112, does not require a description of specific property before the lien attaches. Competing public policy interests are at stake. Thus, the General Assembly may wish to amend the current statute to remove any ambiguity about the validity of a writ of execution and subsequent lien if the property is not specified in the writ.

Affirmed.